## Commonwealth v. Benshoff

*Karl W. Warmcastle*, for appellant.

*Frank W. Ittel*, Special Deputy Attorney General, for Commonwealth.

EGAN, J., March 4, 1942.—This is an appeal by Marguerite Gray Benshoff from the action of the Department of Revenue, Division of Personal Property Taxes, of the Commonwealth of Pennsylvania, denying the prayer of her petition for reassessment of State personal property taxes for the years 1937, 1938, 1939,

and 1940, and allowing the assessments as made to stand.

The facts are not in dispute, but a legal question is presented concerning the status of monthly payments received by appellant from the Travelers Insurance Company. The Commonwealth contends that these payments are taxable as an annuity under the provisions of the State Personal Property Tax Act of June 22, 1935, P. L. 414, as reënacted and amended by the Act of May 18, 1937, P. L. 633, and the Act of May 5, 1939, P. L. 76. Appellant maintains that the payments do not constitute an annuity, but are payments in instalments of the proceeds of a life insurance policy taken out by her husband, William C. Benshoff, for her protection.

On February 27, 1931, the Travelers Insurance Company issued to William C. Benshoff life insurance policy no. 1623350, insuring the life of William C. Benshoff in the amount of $10,000, on the whole life plan, with annual premiums of $242.60, the insured's executors, administrators, or assigns being designated as beneficiaries. On March 11, 1931, upon written request of the insured, the beneficiaries were changed to Marguerite G. Benshoff, the insured's wife, and in the event of her prior death to Isabel M. Benshoff and William C. Benshoff, Jr., the insured's children, share and share alike, or all to the survivor of them. On March 12, 1931, the insured and the Travelers Insurance Company entered into a family income trust agreement under said life insurance contract, wherein it was agreed that, in consideration of the payment by the insured of an additional premium of $66.80 annually in advance, the Travelers Insurance Company should receive and hold in trust the proceeds of said policy or contract if the beneficiary, Marguerite G. Benshoff, should become entitled thereto, and pay to the beneficiary monthly income instalments of $100, the first such instalment to be paid immediately on receipt of due proof of the death of the insured during the continuance of the con-

tract, prior to February 26, 1951, the termination date of said trust agreement, and a like amount monthly thereafter until February 26, 1951, when the monthly payments should cease, and the proceeds of the face amount of the policy should be paid in one sum to the beneficiary.

William C. Benshoff, the insured, died January 12, 1936, and due proof of his death was furnished to the Travelers Insurance Company. Under the policy and trust agreement there became due and payable to Marguerite G. Benshoff, the beneficiary, the monthly sum of $97.26, payable the twelfth day of each and every month after January 12, 1936, to and including February 12, 1951, and a final payment of $9,269.42 on February 26, 1951. The reduction in the amount of the monthly payments and final payment is by reason of the fact that at the time of the insured's death there was an outstanding loan or advance upon the security of the policy made to the insured during his lifetime in the amount of $730.58.

After investigation and report on December 31, 1940, the Department of Revenue of the Commonwealth made assessments against appellant for a State personal property tax for the years 1937, 1938, 1939, and 1940, assessing the monthly payments received by appellant as an annuity. Certified copies of these four assessments and notices thereof were given to appellant on January 2, 1941. On March 27, 1941, appellant, in accordance with the provisions of the State Personal Property Tax Act of June 22, 1935, P. L. 414, as reenacted and amended by the Act of May 18, 1937, P. L. 633, and the Act of May 5, 1939, P. L. 76, sec. 8(a), 72 PS §3244, duly filed with the Department of Revenue, Division of Personal Property Taxes, her petition for reassessment of the assessed taxes. The said department, on August 4, 1941, entered four orders, denying the prayer of the petition for reassessment, and allowing the taxes as assessed to stand, and notices of the action of the Department of Revenue and certi-

fied copies of said orders were duly given to appellant on August 4, 1941. On September 26, 1941, appellant, in accordance with the statutes above mentioned, filed her appeal to the Court of Common Pleas of Allegheny County at the above number and term, and the matter before us for decision is whether or not these monthly payments constitute an annuity taxable according to the provisions of the above-mentioned statutes.

In Commonwealth v. Beisel, 338 Pa. 519, it was held that where, under the terms of a life insurance policy, the company retains the proceeds of the policy and pays to the beneficiaries specified periodical instalments aggregating the amount of the proceeds due, with interest, the proceeds of the policy do not constitute an annuity within the meaning of that term as used in the State Personal Property Tax Act of June 22, 1935, P. L. 414, sec. 3, and the amendatory Act of May 18, 1937, P. L. 633. The Supreme Court stated that the term "annuity" was incapable of exact definition, but ruled that its determining characteristic (p. 521) ". . . is that the annuitant has an interest only in the payments themselves and not in any principal fund or source from which they may be derived. The purchaser of an annuity surrenders all right and title in and to the money he pays for it. On the other hand, where a debtor agrees to pay his creditor in installments at regular intervals, the debt or principal sum itself is due to the creditor although payable only in the manner agreed upon; it is an account receivable in which he has a property interest. Therefore, installment payments of a debt, or payments of interest on a debt, do not constitute an annuity: . . ."

In the Beisel case, without the payment of any extra premium, the insured chose an option that the beneficiary should be paid monthly instalments for a period of years, these monthly instalments aggregating the face amount of the proceeds of the policy due, with interest. In the case at issue, the facts are even stronger

in favor of appellant, because she became entitled to the payment of the monthly instalments and the final payment in accordance with the terms of the policy and trust agreement for which her husband paid an additional annual premium to the insurance company of $66.80. She did not exercise any option, surrender any right or title in or to the proceeds of the insurance, nor did she enter into any contract, express or implied, with the insurance company providing for the payment of the monthly instalments.

It is apparent that the number of monthly instalments payable to her was contingent upon the date of the death of the insured. The additional premiums paid by the insured were to secure the protection of the monthly income until February 26, 1951. If the insured had lived to February 26, 1951, no portion of the additional premiums that he would pay for this 20-year period would be payable to him or to his beneficiary, and the only consideration he would receive would be the additional protection during the 20-year period. However, the insured's death on January 12, 1936, obligated the insurance company to pay to appellant monthly instalments of $97.26 until February 12, 1951, and the sum of $9,269.42 on February 26, 1951. These monthly instalments and the final payment to be made to appellant under the terms and conditions of the policy and trust agreement are not income or an annuity, but are payments to be made by the insurance company to appellant as beneficiary under a contract made by the insured for her benefit, and are instalment payments of a debt becoming due to appellant under the contract by reason of the death of her husband, in accordance with the terms and conditions of the insurance contract, and are in no sense an annuity, and are not taxable according to the provisions of the State Personal Property Tax Acts above mentioned.

In Commonwealth v. Beisel, supra, the Supreme Court, while holding that the payments did not con-

stitute an annuity, ruled that, inasmuch as the funds were allowed to remain with the insurance companies, bearing interest, they constituted "accounts bearing interest", and were taxable as such under the provisions of the Act of 1935, as amended, even though the insurance policies or their proceeds were not in themselves taxed by that act. In the case at issue no such interest element is involved. The number of monthly instalments payable to appellant under the trust agreement is entirely dependent upon the date of the death of the insured during the income period, which expired February 26, 1951. Under the terms of the policy and trust agreement the number of monthly instalments which might become payable by reason of the death of the insured might be from 240 to none. The additional premium payable for the income provision did not create a specific fund, or an amount to be held by the insurance company which, with interest, would provide for the payment of the monthly instalments. The retention by the insurance company of the proceeds of the policy did not create a fund which, with interest, would be sufficient to enable the company to make the monthly payments, each of which amounts to one percent of the face amount of the policy. While the principal of the proceeds of the policy was retained by the company, this principal sum must be paid to appellant on February 26, 1951, at the end of the income period, and no part of this principal sum can be applied to the monthly payments. What the insurance company did here was to make two contracts with the insured. The first was an ordinary life contract in consideration of the annual premiums paid by the insured; and the second was a contract based on an additional premium, providing for a decreasing number of monthly payments in the event of the death of the insured during the first 20 years of the contract. The monthly income payments are not interest upon any fund created by the payment of the required annual premiums, but are

amounts payable as income instalments exactly as the face amount of the policy became due and payable by reason of the death of the insured. The appeal will be sustained.

### Order

And now, March 4, 1942, the appeal is sustained, and the orders of the Pennsylvania Department of Revenue dated August 4, 1941, are reversed, and said department is directed to reassess the 1937, 1938, 1939, and 1940 personal property tax returns of petitioner, Marguerite Gray Benshoff, eliminating therefrom personal property tax at present assessed on the capitalized value of the insurance fund, or on the monthly payments received from the Travelers Insurance Company.